MARTIN v. CHAUVIN.                 SEPT'R TERM,
                                        1841.

1. Two or more suits on several demands, each of which is within the
   jurisdiction of a justice of the peace, but united exceed the juris-        Martin
   diction of a justice, may be prosecuted at the same time, and cannot          v.
   be consolidated.                                                           Chauvin.
2. When property is to be delivered, or a debt is contracted to be paid
   in property, on request or demand, and no place is named for the
   performance of the contract, a special demand at the obligor's resi-
   dence, is to be averred and proved, and the allegation "although
   often requested," is insufficient.   This general rule, however, must
   be received with some qualification, arising from the nature of the
   contract, and special circumstances and considerations.
3. Justices of the peace have no jurisdiction in actions on notes exceed-
   ing ninety dollars, to be paid in property.

Appeal from the Court of Common Pleas of Saint Louis
county.

### Bowlin for Appellant.

1st. The court erred in overruling appellant's motion for
a continuance, upon the affidavit filed.   The affidavit sets
out a sufficient ground to have warranted the granting of a
continuance.

2d. The second point of error relied on is the fact of the
courts overruling motion for a nonsuit upon the grounds that
the justice had no original jurisdiction in the matter, the
notes each being for more than ninety dollars, and not being
notes for the direct payment of money, but to be paid in
lumber.

3d. The third point relied on is, that the court of com-
mon pleas erred in overruling the appellant's motion for a
new trial.

The other points made in the assignment of errors not re-
lied on.

### J. D. Johnston for Appellee.

1st. As to the first assignment of error, I maintain that
Chauvin had a perfect right to sue on the notes separately,
as decided by this court in Barns v. Holland, 3 Mo. Rep. p.
47.   And even without the authority of that decision, al-
29*

SEPT'R TERM, though the law encourages consolidation of actions, where
1841.  it can be done without prejudice to the plaintiff, it would not

Martin  in a case like this, compel him to consolidation which would
v.  deprive him of the right to a speedy collection of his debt.
Chauvin.  Had these causes of action been consolidated, they would
have amounted to a sum above the jurisdiction of a justice
of the peace, and would consequently have driven the plain-
tiff to the more tardy remedy of process in a court of re-
cord. Justices' courts have been established, not more to
save the expense incident to proceedings in the higher courts,
than to promote the speedy adjustment and collection of
debts, and this court it is presumed, will not discountenance
that policy.

2d. As to the second assignment of error.—In his affida-
vit for a continuance, the defendant, not content with stating
the materiality of the witness on whose testimony he relied,
undertook to specify the fact he expected to establish by him,
viz: that several months after maturity of the notes, defend-
ants made a tender of the property for which they called.
This was properly held by the court below, to be insufficient
ground for a continuance, for even if true, it would be no
defence. Had such a tender been made when the notes fell
due, it would have been good, but not being made at that
time, the debt became a monied demand, and the plaintiff
was entitled so to have it.

3d. As to the third assignment of error.—This is suffi-
ciently answered in noticing the first.

4th. As to the fourth assignment of error.—In the bill of
exceptions no mention is made of instructions, nor is it re-
membered that any such absurdity was committed below as
asking the court to instruct itself.

5th. As to the fifth and last assignment of error—The bill
of exceptions are a sufficient answer to this.

It was argued below, and may be here, that on notes like
these an action does not accrue until after a demand for the
specific satisfaction of them.

Reference was made to a Kentucky case, but that only
supports the defendant's position so far as having decided a

demand to be necessary where the note was by its terms pay- able *on demand*, which is not the case with these.

*Opinion of the Court by Scott, Judge.*

Chauvin brought two suits, before a justice, against Martin, on two notes, of which the following are copies.

I promise to pay L. J. Chauvin, or order, one hundred dollars, to be paid in pine plank, on or before the 25th day of December, inst., or to be paid with ten per cent interest per annum from this date. Dec. 2, 1838.

ROBERT N. MARTIN.

I promise to pay L. J. Chauvin, or order, one hundred dollars, to be paid in pine plank, on or before the 25th day of December, or to draw ten per cent. interest. For value received. Nov. 29, 1838. ROBERT N. MARTIN.

Chauvin obtained judgment on both notes in the justice's courts, and the court of common pleas.

The questions arising are, whether the actions should have been consolidated; whether a demand of payment was necessary to be proved, in order to enable the plaintiff to recover; and whether the justice had jurisdiction in actions founded on these notes. As to the first point, the opinion of this court in the case or Barnes v. Holland, 3 vol. Mo. R. 47, settles the doctrine that two or more suits on several demands, each of which is within the jurisdiction of the justice, but the amount of them exceeds it, may be prosecuted at the same time, and that they shall not be consolidated.— As it regards the second point: For reasons which have been heretofore, and still are, deemed satisfactory, this court has adopted the law of Kentucky in expounding contracts of this character. When property is to be delivered, or a debt is to be paid in property, on request or demand, and no place is named, then a special demand at the obligor's residence is to be averred and proved, and the allegation, " although often requested," is insufficient. 2 Bibb, 281, Welmouth v. Petton; Hardin 87. This general rule, as all others, must be received with some qualifications, arising from the nature of the contract, from the debtor not having a known

*Two or more suits on several demands, each of which is within the jurisdiction of a justice of the peace, but united exceed the jurisdiction of a justice, may be prosecuted at the same time, and cannot be consolidated.*

a special demand at the obligor's residence is to be averred and proved, and the allegation "although often requested," is insufficient. This general rule, however, must be received with some qualification, arising from the nature of the contract, and special circumstances and considerations.

Justices of the peace have no jurisdiction in actions on notes exceeding ninety dollars, to be paid in property.

place of residence in the state at the time of the contract; from afterwards changing his place of residence, or from other special circumstances or considerations, which will vary the equity of the rule. Where the time and place are mentioned, or where the time is fixed, and no place mentioned, the law then designates the debtor's residence, as the place for the performance of the contract, and no demand is necessary; but the debtor when sued that on the day and at the place in the contract mentioned, and when no place is mentioned, then at his residence, on the day he was ready and willing to pay or deliver the property according to the contract. Grant v. Groshen, Hardin, 85; Cornelius v. McDonald, 2 vol. Mo. R. 56.

As to the third point, whether a justice has jurisdiction in an action on a note for one hundred dollars, to be paid in plank, it is not conceived that the third section of the first article of the act concerning justices' courts gives jurisdiction over claims like these in this case. That section says, justices shall have jurisdiction over all actions on bonds and notes for the payment of any sum of money not exceeding one hundred and fifty dollars. The notes in this case cannot be said to be notes for the payment of money; the party might have discharged them in plank; and the plaintiff is only entitled to the money by reason of his having failed to comply with his agreement to pay the plank. The words one hundred dollars, are used, not to show that this is a money demand, but for the purpose of ascertaining the quantity of plank that was to be delivered.

Judgment reversed.